UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAKOYA CRINER,

        Plaintiff,

v.                                            Case No. 3:22-cv-949-BJD-MCR

MR. JOHN GODWIN, et al.,

        Defendants.
_____

**ORDER**

        Plaintiff, an inmate of the Florida Department of Corrections (FDOC), proceeding *pro se* and *in forma pauperis* (Doc. 6), initiated this action by filing a Civil Rights Complaint (Doc. 1; Compl.) with hundreds of pages of attachments (Doc. 1-1). He names the following Defendants: John Godwin, Warden of Columbia Correctional Institution (CCI); John or Jane Doe, a grievance coordinator at CCI; unnamed security staff/corrections officers at CCI; John or Jane Doe, a medical provider under contract with Centurion; S. Geiger, an employee under contract with Centurion; Shawn Swain, Warden of Cross City Correctional Institution (CCCI); J. Kennedy, Assistant Warden of CCCI; and Michelle Schouest, an employee of the Office of the Secretary of the FDOC. *See* Compl. at 3-6.

## Complaint Allegations

Plaintiff asserts he suffered a serious injury to his right hand on February 16, 2022, at CCI, when involved in an altercation with other inmates. *Id.* at 10. He says the unnamed medical provider did not give him a tetanus shot or properly clean the wound, which led to an infection that became so bad he almost had to have his forearm amputated. *Id.* at 10-11, 13. He asserts that CCI "Security Staff present [for the assault] failed . . . to comply with policies" regarding the protection of inmates. *Id.* at 10. He further contends officers "disrespectfully walked [him] to confinement," threatened him, may have been responsible for him not receiving food for five days,[1] and used chemical agents on him unjustifiably. *Id.* at 10-11, 14.

Plaintiff names some Defendants (Godwin, the John Doe grievance coordinator, Geiser, Swain, Kennedy, and Schouest) for alleged obstruction of the grievance process. *Id.* at 7, 11-12, 15. He contends some of his grievances were never "recorded," and he received inadequate responses to others, in contravention of the policies set forth in Defendants' "own established written rules, polic[ies], procedures, state statutes, and directives." *Id.* at 11-12, 15.

---

[1] Plaintiff's allegations are unclear throughout his complaint, but the allegations regarding food deprivation are especially so. *See* Compl. at 10, 14.

Plaintiff asserts violations of the First Amendment (obstruction of the grievance process), the Eighth Amendment (failure to protect, inadequate medical care, abusive language, and excessive force), and the Fourteenth Amendment (disregard of procedures or rules related to the handling of grievances). *Id.* at 7, 12-13. As relief, he seeks damages and declaratory and injunctive relief. *Id.* at 15.

## Authority

The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To survive dismissal, a complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the ... claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).

A court must hold a *pro se* plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but a court may not rewrite a deficient complaint for a *pro se* plaintiff or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. A claim that a medical provider was deliberately indifferent to a serious medical need is cognizable under § 1983 as an Eighth Amendment violation. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). But when prison medical personnel provide medical care for a prisoner, "federal courts are generally reluctant to second guess [their] medical judgments." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

"Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). A plaintiff must do more than allege the care provided was "subpar or different from what [he] want[ed]." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). This is so because "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." *Id.* (alteration in original).

Additionally, allegedly improper, negligent, or unkind conduct by a corrections official that does not deprive the prisoner of a constitutional or federal right is not actionable under § 1983, including the following: using threatening or abusive language, *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); exposing an inmate to merely "harsh" conditions, *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004); failing to follow state law or internal prison regulations, *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000); or (merely) responding to or denying a grievance, *Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Similarly, "an inmate has no constitutionally-protected liberty interest in access to" a

prison's grievance procedure. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).

Liability under § 1983 may not be premised on a theory of vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). A claim against a supervisor may proceed only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). A causal connection can be established when a supervisor knows a subordinate will act unlawfully or adopts a policy that results in deliberate indifference to an inmate's constitutional rights. *Id. See also Cottone*, 326 F.3d at 1360.

The Eleventh Circuit has noted, "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019) (quoting *Braddy v. Fla. Dep't of Labor Emp't Sec.*, 133 F.3d 797, 802 (11th Cir. 1998) (first alteration in original)). When proceeding on an unlawful-policy theory, a plaintiff must "point[] to multiple incidents or multiple reports of prior misconduct by a particular employee." *Id.* (citing *Piazza*, 923 F.3d at 957).

6

Mere conclusory allegations of a policy or custom will not suffice. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

When a plaintiff seeks to pursue multiple claims against different prison officials, he may do so in one civil rights complaint only if the claims are related. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quoting *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

Finally, the Eleventh Circuit has consistently held that "fictitious-party pleading is not permitted in federal court," unless a plaintiff describes a John Doe defendant with such particularity that he or she can be identified and served. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff failed to identify or describe the individual guard allegedly involved); *Williams v.*

*DeKalb Cnty. Jail*, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . is insufficient to sustain a cause of action.").

## Analysis

Upon review, the Court finds Plaintiff's complaint is deficient for numerous reasons: he names John Doe Defendants without sufficiently describing them; his allegations against medical staff suggest mere negligence or a disagreement with treatment decisions; he seeks to proceed against some Defendants solely based on their roles as supervisors or grievance responders; he seeks to proceed against some Defendants based on conduct that does not violate one's constitutional or federal rights (e.g., unkind acts, threats, "abusive and profane language," failure to follow rules, fabricating records); he joins multiple, unrelated claims based on conduct that occurred at two different correctional institutions; and, with respect to some claims that may potentially be cognizable (failure to protect or excessive force), not only does Plaintiff not name the officers involved, but his allegations are conclusory, devoid of factual enhancement.[2]

---

[2] Plaintiff attaches hundreds of pages of grievance and medical records, but he cannot expect the Court to sift through the voluminous records to search for a potentially plausible claim for relief or to identify possible defendants. If Plaintiff submits a proper complaint and his case proceeds, he will be afforded an opportunity later to submit evidence. He need not submit evidence with his amended complaint.

If Plaintiff wants to proceed, he must file an amended complaint in compliance with federal pleading standards as explained in this order. He may proceed only on one claim or related claims. If Plaintiff wants to proceed on a claim against a corrections officer whose name he does not know or cannot find out, he must include facts describing the officer's physical appearance and typical work shift and rank, if known. Additionally, Plaintiff should omit facts that are not relevant to his claim or claims.

Plaintiff also must comply with the instructions that follow.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for an alleged constitutional violation.

3. The amended complaint must state the full name and address (i.e., work location) of each defendant (to the extent known) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list in section I.B.

5. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[3]

---

[3] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

6. In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured Plaintiff.

7. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.[4]

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false

---

[4] The Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all related claims he wishes to raise and must not refer back to his original complaint or attachments.

Accordingly, it is now

**ORDERED:**

1. The **Clerk** shall send Plaintiff a civil rights complaint form.

2. By **December 19, 2022**, Plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order. **Plaintiff's failure to comply with this order may result in the dismissal of this case.**

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of November 2022.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

11

Jax-6
c:
Takoya Criner