UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAKOYA CRINER,

          Plaintiff,

v.                                            Case No. 3:22-cv-949-BJD-MCR

MR. JOHN GODWIN, et al.,

          Defendants.

_____

## ORDER

### I.    Status

Plaintiff, an inmate of the Florida Department of Corrections (FDOC), proceeding *pro se* and *in forma pauperis* (Doc. 6), initiated this action by filing a Civil Rights Complaint with hundreds of pages of attachments (Docs. 1, 1-1). Finding the Complaint insufficient for numerous reasons, the Court directed Plaintiff to amend. *See* Order (Doc. 8).[1] He did so (Doc. 9; Am. Compl.). In his Amended Complaint, Plaintiff complains about obstruction of the grievance process, inadequate medical care, a use of force, and a denial of meals. *See* Am.

---

[1] The complaint was deficient in the following ways: Plaintiff sought to proceed against John Doe Defendants and supervisors; he joined multiple, unrelated claims; as to the alleged denial of medical care, he alleged only negligence; and as to the alleged use of force and denial of meals, his allegations were conclusory and vague. *See* Order (Doc. 8) at 8.

Compl. at 8. He names eight Defendants: (1) Ms. D. Williams, a grievance coordinator and the secretary to the Warden of Cross City Correctional Institution (CCCI); (2) John or Jane Doe, a grievance coordinator at Columbia Correctional Institution-Annex (CCIA) (John Doe 1); (3) John Doe, a registered nurse at CCIA (John Doe 2); (4) John Doe, another registered nurse at CCIA (John Doe 3); (5) Captain Thomas, a corrections officer at CCIA; (6) John Doe, a corrections officer at CCIA (John Doe 4); (7) John Doe, another corrections officer at CCIA (John Doe 5); and (8) John Doe, yet another corrections officer at CCIA (John Doe 6). *Id.* at 3-6.

## II.    Allegations

Generally, Plaintiff asserts the following against the different Defendants. He faults Ms. Williams and John Doe 1, the grievance coordinators at CCCI and CCIA, for obstructing his access to the grievance process, thereby infringing his access to the courts.[2] *Id.* at 8. He faults John Does 2 and 3 for denying or delaying access to medical care for an open wound he had on his arm, which became infected. *Id.* He faults Captain Thomas and

---

[2] The incidents giving rise to Plaintiff's claims for inadequate medical care, excessive force, and a denial of food occurred at CCIA. *See* Am. Compl. at 7, 14. Plaintiff was thereafter transferred to CCCI, where it appears he tried to file grievances about what happened at CCIA. *Id.* at 11.

John Does 4, 5, and 6 for an alleged unjustified use of force and a denial of fifteen consecutive meals. *Id.* at 8, 11.

The factual basis for Plaintiff's separate claims is less clear. It appears Plaintiff asserts Defendants Williams and John Doe 1 improperly returned his grievance(s) without action as untimely, even though he believes they were timely filed. *Id.* at 9-10. He implies his grievance(s) were not stamped with the correct date, and he faults the grievance coordinators for any such error because they are responsible for logging all grievances placed in drop boxes and are some of the few prison staff with keys to the drop boxes. *See id.* at 9. He suggests his other claims will be foreclosed because his grievances were not properly logged, therefore "obstructing" his ability to exhaust his administrative remedies. *See id.* at 10.

As to the medical claims, Plaintiff alleges the nurses (John Does 2 and 3) did not properly treat or were not qualified to treat his wound when he was medically assessed during pre-confinement. *Id.* at 10-11. He claims he was denied any medical assessment or treatment for an "inch or more deep hole" in his right wrist. *Id.* at 11. He says he did not receive treatment until many days later when an officer noticed his wound had become badly infected. He was immediately transferred to a hospital and had emergency surgery but says he nearly had to have his hand or arm amputated. *Id.* Plaintiff notes he had three

3

surgeries over twelve days and was discharged to the CCCI infirmary, where he stayed for twenty-one days. *Id.*

Finally, Plaintiff alleges Captain Thomas and John Does 4, 5, and 6 collaborated in an act of reprisal against him (because he asked for medical treatment and meals) by arranging to have him sprayed with chemical agents and denied food for five days. *Id.* at 11-12. These allegations are exceedingly unclear. Plaintiff implies Defendants failed to follow protocol, citing various subparagraphs of the Use of Force provision of the Florida Administrative Code (FAC). *See id.* at 12 (citing Fla. Admin. Code r. 33-602.210). For instance, he alleges, "Defendants breached protocol by . . . escorting another inmate into [his] cell, but was a 'trickery' for unjustified use of chemical agents." *Id.* Plaintiff does not explain how each Defendant participated in the alleged wrongful conduct.

## III.   Standard of Review

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply

the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Rather, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

## IV. Analysis

Plaintiff's Amended Complaint is subject to dismissal under the Court's screening obligation. As an initial matter, Plaintiff's Amended Complaint suffers from the same deficiencies as did his original Complaint. He again seeks to proceed against Doe Defendants. He again joins multiple, unrelated

claims. And he again relies on conclusory, vague allegations to support his claims. Not only did the Court afford Plaintiff an opportunity to amend, but the Court thoroughly advised Plaintiff how to cure the deficiencies of his original Complaint. *See* Order (Doc. 8).

As the Court previously advised Plaintiff, a complaint must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See id.* at 3-4 (quoting *Twombly*, 550 U.S. at 555). More than vague or conclusory allegations are required to state a cause of action under 42 U.S.C. § 1983 because, "[e]ven under the so-called notice rules of pleading, a complaint must . . . [provide] sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

To state a claim under § 1983, a plaintiff must allege that a person acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. Plaintiff contends Defendants violated his rights under the First, Eighth, Ninth, and Fourteenth Amendments. *See* Am. Compl. at 8, 13. However, only the First and Eighth Amendments are relevant based on his allegations. The Ninth Amendment is

6

"merely a rule of construction"; it does not confer any specific right that would give rise to a constitutional claim. *See Charles v. Brown*, 495 F. Supp. 862, 864 (N.D. Ala. 1980). *See also Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he [N]inth [A]mendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.").

Additionally, the Fourteenth Amendment does not apply to Plaintiff's claims based on retaliation, a denial of medical care, or excessive force because when a constitutional amendment "provides an explicit textual source of constitutional protection," that amendment guides the analysis, "not the more generalized notion of 'substantive due process.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989). *See also Whitley v. Albers*, 475 U.S. 312, 327 (1986) (holding the due process clause provides no greater protection than does the Eighth Amendment's cruel and unusual punishment clause).

## A. Claims Against Defendants Williams & John Doe 1

Plaintiff alleges Defendants Williams and John Doe 1 obstructed his access to the grievance process by either failing to properly log his grievance(s) or returning his grievance(s) for an improper reason. *See* Am. Compl. at 9-10. Accepting his allegations as true, Plaintiff fails to state a plausible claim for relief because an inmate has no constitutionally protected interest in a prison

grievance procedure. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011). Moreover, a prison official cannot be held liable under § 1983 merely for responding to or denying a grievance. *Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

To the extent Plaintiff contends Defendants Williams and John Doe 1 prevented him from properly exhausting his administrative remedies for the claims he raises against the other Defendants, such conduct does not give rise to a stand-alone claim under § 1983. *See Bingham*, 654 F.3d at 1177. Regardless, Plaintiff fails to state a plausible claim for relief against the other Defendants.

**B. Claims Against Defendants John Doe 2 & John Doe 3**

Plaintiff alleges John Does 2 and 3, whom he identifies as nurses, "breached a custom [and] policy [and] case law" by failing to "adequately" treat his serious medical needs. *See* Am. Compl. at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976); *West v. Atkins*, 487 U.S. 42 (1988); *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); *Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004)). A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983 as an Eighth Amendment violation. *Estelle*, 429 U.S. at 104. However, a prisoner bringing such a claim "has a steep hill to climb."

8

*Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). In the prison context, a medical provider is deemed to have been deliberately indifferent, for example, when he or she knows an inmate needs medical care but intentionally refuses to provide that care, *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985), or delays necessary medical care for non-medical reasons, *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Negligence is not actionable as deliberate indifference. *Estelle*, 429 U.S. at 105-06 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). In other words, "[when] a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (second alteration in original) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (1st Cir. 1981)). *See also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."). As such, to state a deliberate indifference claim

9

under the Eighth Amendment, a prisoner-plaintiff must do more than allege the care he received was "subpar or different from what [he] want[ed]." *Keohane*, 952 F.3d at 1277. He must allege the treatment he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Adams*, 61 F.3d at 1544.

Plaintiff does not allege the medical care rendered by John Does 2 and 3 was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See id.* His allegations are conclusory and vague. In fact, he mostly summarizes provisions of the FAC or implies the nurses did not fill out prison medical forms properly. *See* Am. Compl. at 10-11. He does not describe the circumstances of his encounter with the nurses, nor does he allege in other than conclusory terms that they knew he had a wound requiring immediate medical attention but refused to provide the care they knew he needed. *See id.*

Accepting as true that the nurses overlooked the seriousness of Plaintiff's wound or were not qualified to properly treat the wound, such conduct amounts to negligence, not deliberate indifference.[3] Moreover,

---

[3] It appears Plaintiff was bitten, and that wound is what eventually became infected. *See* Am. Compl. at 11. Plaintiff never says someone bit him, but he suggests as much, contending the nurses should have known that "germs accumulate[] [in a] human beings [sic] mouth." *Id.* (capitalization omitted).

10

Plaintiff acknowledges that, once the seriousness of the wound was discovered, he was immediately sent to the hospital where he had three surgeries, and he received post-surgery care. Accordingly, Plaintiff fails to state a plausible claim against John Does 2 and 3.

### C. Claims Against Captain Thomas, John Doe 4, John Doe 5, & John Doe 6

Liberally construing Plaintiff's allegations, he accuses Captain Thomas and John Does 4, 5, and 6 of violating his First Amendment rights (retaliation) and his Eighth Amendment rights (cruel and unusual punishment and excessive force) by denying him fifteen consecutive meals and fabricating a reason for him to be sprayed with chemical agents. *See id.* at 11. Plaintiff's allegations about the use of force and denial of food are vague at best. He does not clarify what each Defendant did or did not do but rather lumps all Defendants together and says they collectively violated his rights. Plaintiff does not allege that Captain Thomas or the Doe Defendants themselves sprayed him with chemical agents or denied him meals.

It appears Plaintiff names Captain Thomas as a Defendant solely because Captain Thomas was the supervising officer of the John Doe Defendants. *See id.* at 10. To the extent Captain Thomas did not personally participate in an alleged constitutional violation, Plaintiff's claim against this Defendant fails because liability under § 1983 may not be premised on a theory

11

of vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

To the extent the John Doe officers were the ones who allegedly unjustifiably used chemical agents on Plaintiff or denied him fifteen consecutive meals, and further assuming such conduct would amount to an Eighth Amendment violation as alleged,[4] the Eleventh Circuit has consistently held that "fictitious-party pleading is not permitted in federal court," unless a plaintiff describes a John Doe defendant with such particularity that he or she can be identified and served. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff failed to identify or describe the individual guard allegedly involved); *Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . is insufficient to sustain a cause of action.").

The Court previously advised Plaintiff that, if he "wants to proceed on a claim against a corrections officer whose name he does not know or cannot find out, he must include facts describing the officer's physical appearance and

---

[4] Assuming the use of force (chemical agents) was not done in compliance with the relevant provision of the FAC, failing to follow state law or internal prison regulations is not actionable as a constitutional violation under § 1983. *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000).

typical work shift and rank, if known." *See* Order (Doc. 8) at 9. In his Amended Complaint, Plaintiff identifies these John Doe Defendants solely as "correctional officer[s]." *See* Am. Compl. at 6. This generic identifier is insufficient to enable the court to serve them. Plaintiff suggests the officers' names can be discovered through use-of-force reports. *See id.* at 13. However, Plaintiff does not state a plausible claim against the Defendants he identifies by name, and his case cannot proceed against John Doe Defendants alone. Plaintiff was afforded an opportunity to provide more information about these Defendants' identities, and he has not done so.

## V.     Conclusion

Because Plaintiff fails to state a plausible claim for relief against any Defendant, this action is due to be dismissed without prejudice. If Plaintiff is later able to discover the names of the officers who allegedly used excessive force against him or denied him food for five days, and he wants to pursue a claim against them based on that conduct, he may initiate a new action by filing a new civil rights complaint.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice** under the PLRA for Plaintiff's failure to state a plausible claim for relief.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of April 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Takoya Criner

14